STATE OF NEW JERSEY v. LAWRENCE VOLPONE.

· October 25, 1977. Petition for certification is hereby granted and the order of the Appellate Division reversing and remanding the matter for a new trial is summarily affirmed to afford the defendant an opportunity to comply with *R*. 3:11–1, including furnishing the name of J. A. and his address, the Court being of the opinion that the nature of J. A.'s testimony is contemplated by the rule. (See 150 *N. J. Super.* 524).

COUNTY OF HUDSON v.
ALFREDO AND LUISIA HERNANDEZ.

December 6, 1977. ORDERED that the judgment of the Appellate Division be and hereby is reversed. This Court is of the opinion that, in the circumstances presented by the record of this case, the issues concerning the effect of the failure to assert indigency at the time of hospital admission and waiver or estoppel with respect to a later claim of indigency are not relevant to the basic issue of indigency and the entitlement of an indigent person to hospital care without charge under *N. J. S. A.* 30:9–26, which issue was determined by the trial court but not considered by the Appellate Division.

It is further ORDERED that the matter be remanded to the Appellate Division to review and adjudicate the issue of whether the trial court erred in determining that defendants-appellants were not indigent at the time hospital services were rendered and were therefore not entitled to such service without charge under *N. J. S. A.* 30:9–26. Jurisdiction is not retained.